UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| DERRICK L. SMITH, | ) | |
|---|---|---|
| | ) | Case Nos. 1:17-cr-62; 1:23-cv-54 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner Derrick L. Smith's motion to vacate, set aside, or correct his sentence pursuant to 22 U.S.C. § 2255. (Doc. 65 in Case No. 1:17-cr-62; Doc. 1 in Case No. 1:23-cv-54.) For the following reasons, the Court will **DENY** Petitioner's motion.

On August 16, 2017, Petitioner filed a notice of intent to enter a plea, and the Government filed a factual basis supporting Petitioner's guilty plea. (Docs. 19, 20 in Case No. 1:17-cr-62.) Petitioner subsequently pleaded guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (*See* Doc. 22 in Case No. 1:17-cr-62.) United States District Judge Harry S. Mattice, Jr. ultimately sentenced Petitioner to 78 months' imprisonment. (Doc. 34 in Case No. 1:17-cr-62.) Petitioner appealed his conviction sentence to the United States Court of Appeals for the Sixth Circuit, and, on September 24, 2018, the Sixth Circuit affirmed Petitioner's conviction and sentence. (Doc. 45 in Case No. 1:17-cr-62.) (*Id*. at 2–3.) On March 14, 2023, more than four years after his judgment became final, Petitioner filed a § 2255 motion. (Doc. 65 in Case No. 1:17-cr-62; Doc. 1 in Case No. 1:23-cv-54.) In his motion, Petitioner argues that he received ineffective assistance of counsel because

his counsel agreed to waive meritorious objections to his guidelines' calculation that, if sustained, would have resulted in a lower advisory guidelines' range.

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). While the one-year statute of limitations applicable to § 2255 motions is subject to equitable tolling, *Solomon v. United States*, 467 F.3d 928, 933, 935 (6th Cir. 2006), tolling is applied sparingly, *Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005). To be entitled to equitable tolling, a habeas petitioner must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In this case, Petitioner 's motion is not timely under § 2255(f). His § 2255 motion was filed more than four years after his conviction became final, and he does not argue that his motion is otherwise timely under § 2255(f). Additionally, Petitioner is not entitled to equitable tolling, because he has not demonstrated that he has pursued his rights diligently or that some extraordinary circumstances prevented him from timely filing his § 2255 motion.

2

Case 1:23-cv-00054-TRM-SKL   Document 2   Filed 03/30/23   Page 2 of 3   PageID #: 16

Accordingly, for the reasons stated herein, Petitioner' § 2255 motion (Doc. 65 in Case No. 1:17-cr-62; Doc. 1 in Case No. 1:23-cv-54) is **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**AN APPOPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**